The Supreme Court affirmed Murphy’s Appeal and reversed Russell’s Appeal on Feb. 15, 1864, in the following opinion by
Strong, J.:
These are appeals by Murphy, the complainant, and by Russell one of the defendants, from a decree of the Court of Common Pleas of Schuylkill County, by which Russell was ordered to pay to the complainant the sum of $650.21, being the sum of $287.71 with interest from Oct. 9, 1842 to the date of the decree. Both parties being dissatisfied with the result in the Court below have appealed to this Court.
The substance of the complainants bill is that in 1841 Russell undertook to purchase certain articles of personalty at a sheriff’s sale, then about to be made of the complainant’s próperty, and to return them when the purchase money should be paid to him, together with the sum of two hundred dollars, to pay a note of the complainant, held by the Schuylkill Bank, which note had been endorsed by Burd Patterson. It is then averred that in pursuance of this understanding the articles were purchased for the sum of eighty-six dollars or thereabouts ; that they were of the value of more than three thousand dollars. That afterwards the complainant paid to said Russell three hundred and eighteen dollars and eighteen cents, being thirty-two dollars • and fifty-one cents more than the aggregate of the purchase money of the goods bought at sheriff’s sale, and the debt due to the Schuylkill Bank; that he made this payment in pursuance of the above mentioned arrangement; that notwithstanding this, the defendant Russell never paid the note to the Schuylkill Bank, but that the note had been charged to a profit and loss account in a retufn made by the bank, and that Russell has retained both the money *133 thus obtained from the complainant, and the property purchased by him at the sheriff’s sale in pursuance of the arrangement described. To this bill answers were put in, both by Patterson, another defendant, and by Russell, denying all its material averments. The alleged agreement to purchase at the sale and hold for the benefit of Murphy, and the payment of the money for the purposes specified in the bill as charged are flatly denied. The answers are fully responsive and negative every material averment. Replications to the answers having been filed, and evidence taken, the case comes up on bill answers and proofs. The Court below was of opinion that the allegations of the bill were not sustained, that the arrangement *to buy in the property and hold in trust for the complainant, and the allegation that $318.51 were received .by Russell from the complainant in pursuance of the alleged trust, or to. repay the purchase money and discharge the note at the Schuylkill Bank were not proved by the evidence. But inasmuch as it appeared that the complainant had paid to Russell the sum specified for another purpose,-to wit: to pay a debt due to Patterson, the Court being of opinion that the debt was less than the .amount thus paid, held that the excess above the actual amount of the debt was to be treated as having been paid in mistake, and decreed its repayment with interest. We concur in opinion with the learned judge of the Common Pleas that the evidence fails to establish the allegations of the bill, upon which the complainant rests his equity. The answer of Russell being responsive, is to be taken as true until disproved. We do not discover even a shadow of evidence that Russell ever agreed to buy in the property at the sheriff’s sale, and return it to Murphy on being paid the price, or the price and any sum additional. It is surely not found in the deposition of Burd Patterson made in another case and admitted to have been made in his answer to this bill. That-was no evidence against Russell, and if it were, it does not assert any such agreement or any such payment. Nor is there in any of the testimony any support for these fundamental allegations, while there is much to fortify the denial of the defendants. The great laches of the complainant in asserting his claim extending over a period of more than fifteen years, his own oath when he was examined as a witness in another case tried in 1842, his petition in bankruptcy presented on the 22nd of June, *134 1842, months after the sheriff’s sale and after he had. paid to Rus sell the money, which he now claims redeemed the property sold at sheriff’s sale, in which petition he returned Burd Patterson as a creditor for $300, and denied that he had any .personal property except wearing apparel and certain debts due to him — all are irreconcilable with the truth of the averments he now makes and all tend strongly to support the answers of the defendants. Without very clear and convincing evidence the lapse of time alone would be fatal to the complaint. But coupled as it is in this case with the other facts detailed and with the additional fact 'that not even one witness confronts the plain denial of the defendants, the complainant had no standing in Court.
And here the case should have ended. The bill should have been dismissed. The case set forth in the complaint was not sustained. We will not enter upon the enquiry whether in 1841 there was a debt due by Murphy to Patterson equal- to the sum paid into Russell’s hands to meet it, and whether if there was not Russell was liable to repay the excess to Murphy, because that is not the claim set up in the bill. And if it were it could not be sustained in a Court of Equity. For any such claim the complainant had a complete remedy by action at law. It is the ordinary case of money paid by mistake, money had and received for his use. If now the claim is barred at law by the statute of limitations, it. is not on that account recoverable in equity. For these reasons the bill must be dismissed.
And now, to wit, February 15,1864, these appeals having come on tobe heard and having been argued by counsel, it is considered ordered, adjudged and decreed that the appeal of Michael Murphy be dismissed with costs. And it is further ordered, adjudged and decreed that the decree of the Court of Common Pleas of Schuylkill County be reversed and set'aside and that the bill of the complainant be dismissed with costs.